UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH SCOTT REEVES, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:16-cv-00193-NT |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Scott Reeves, an inmate in the custody of the Bureau of Prisons, alleges that his civil rights were violated by federal ATF and FBI agents, officers of the Maine Violent Crime Taskforce, officers of the Penobscot County Sheriff's Department, and prosecutors employed by the Department of Justice, in connection with his arrest, detention, and prosecution on federal charges.

Plaintiff has filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted (ECF No. 3). In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 29 U.S.C. § 1915A(a).

Following a review of the pleadings, I recommend the Court dismiss Plaintiff's complaint without service of process on Defendants.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-pled facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

### FACTUAL BACKGROUND

The facts set forth herein are derived from the factual allegations in Plaintiff's complaint, and from the factual information supplied in the affidavit and documents attached to Plaintiff's complaint, which facts are deemed true when evaluating whether Plaintiff has stated an actionable claim. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

Plaintiff is presently incarcerated at USP Big Sandy in Inez, Kentucky. Plaintiff alleges that Defendants falsely arrested him on October 3, 2002, on a grand jury indictment, falsely prosecuted him, and falsely imprisoned him for approximately three years and ten months while charges were pending in this Court in case number 1:02-cr-00093-JAW-1, before ultimately dismissing all charges against him in 2006, following his execution of a written plea agreement in another matter. (Complaint, ECF No. 1; Affidavit, ECF No. 1–1.) As part of his claim, Plaintiff also seeks to recover for the alleged abuse he suffered at the Penobscot County Jail and the Maine State Prison while he was held in Maine as a pretrial detainee. Plaintiff further complains of ongoing health issues that he currently experiences, including "back problems that … go unhandled by the B.O.P." and "unbearable pain mentally and emotionally." (Affidavit ¶ 7.) Plaintiff contends Defendants' conduct has violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.

Plaintiff attached to his complaint the United States' Prosecution Version provided to the Court in connection with Plaintiff's change of plea hearing on June 15, 2005. The Prosecution Version bears the caption of case number 1:05-cr-00047-JAW-1. Although filed in a different case, because both the 2002 indictment and the 2005 information to which Plaintiff pled guilty were based on the same criminal activity in September 2002, the Prosecution Version clearly contains probable cause to support Plaintiff's commission of the crimes for which he was indicted in case number 02-93.

Plaintiff also attached to the complaint a copy of his agreement to plead guilty, through which Plaintiff agreed to plead guilty to three charges in the information filed in case number 05-47, i.e., charges of Being a Felon in Possession of a Firearm, Robbery Interfering with Interstate Commerce, and Use of a Firearm During Commission of a Federal Crime of Violence. (Agreement to Plead Guilty, ECF No. 1–2.) The charges to which he pled guilty involved Plaintiff's criminal activity in September 2002, for which conduct he was initially indicted, arrested, detained, and prosecuted in case number 02-93.

## DISCUSSION

**A.     False arrest, false imprisonment, and malicious prosecution claims**

A review of Plaintiff's complaint, the documents attached to the complaint, and the Court's docket in both cases (docket nos. 02-93 and 05-47) reveals that Plaintiff actually pled guilty to charges based on the conduct for which he contends he was falsely arrested and charged. Plaintiff's claims of false arrest, false imprisonment and malicious prosecution are thus directly contradicted by the information set forth in the Prosecution Version and Plaintiff's plea of guilty to the charges in docket number 05-47. In other words, Plaintiff's allegations lack any factual support in the record.

Plaintiff's claims not only lack factual support, but his guilty plea alone in case number 05-47 precludes any claim for false arrest, false imprisonment, and malicious prosecution. Because a *Bivens* action[1] against the federal officer defendants or a § 1983 action against the state officer defendants for false arrest, false imprisonment, and malicious prosecution effectively challenges the legitimacy of Plaintiff's underlying conviction, a direct appeal and a writ of habeas corpus were the only available means by which Plaintiff could challenge his now longstanding federal conviction. *Muhammad v. Close,* 540 U.S. 749, 124 S. Ct. 1303, 1304 (2004) (summarizing the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Kenney v. Massachusetts*, 111 Fed. App'x 20, 21 (1st Cir. 2004) (unpublished, per curiam).

**B.     Conditions of confinement in Maine during period of pretrial detention**

Plaintiff evidently attempts to assert a claim based on the conditions under which he was incarcerated in Maine. Plaintiff fails, however, to assert sufficient facts about the conditions to support a claim, specifically, he fails to allege facts suggesting that he was exposed to "punishment without due process." *O'Connor v. Huard*, 117 F.3d 12, 16 (1st Cir. 1997). Essentially, Plaintiff reiterates his false imprisonment claim – that he should not have been subjected to any conditions of confinement.

Even if Plaintiff's complaint is construed to assert a factual basis for a claim, Plaintiff's claim is barred by the statute of limitations. All of Plaintiff's claims are subject to the six-year statute of limitation. *Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 38 (1st Cir. 2006) (applying state statute of limitations to *Bivens* action); *Lopez-Gonzalez v. Mun. of Comerio*, 404 F.3d 548, 551 (1st Cir. 2005) ("A section 1983 action borrows the forum state's statute of limitations for personal injury claims."). The applicable Maine statute of limitations is "within six

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 338 (1971).

years after the cause of action accrues." 14 M.R.S. § 752 (2013). Plaintiff was incarcerated at the Penobscot County Jail or the Maine State Prison between 2002 and 2005, more than a decade ago.

The date on which a federal claim accrues is determined by federal law. *Ruiz-Sulsona v. Univ. of Puerto Rico*, 334 F.3d 157, 159 (1st Cir. 2003). Under federal law, a claim accrues "when the plaintiff knows, or has reason to know, of the injury on which the action is based." *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 353 (1st Cir. 1992). Based on Plaintiff's allegations, Plaintiff's claims accrued at the latest in 2005. Plaintiff asserted his claims in 2016, more than 10 years after Plaintiff's claims could possibly have accrued. Where, as here, the statute of limitation defense plainly appears on the face of Plaintiff's complaint, dismissal for failure to state a claim is appropriate. *Jones v. Bock*, 549 U.S. 199, 214 – 15 (2007).

**C.     Denial of medical attention at Big Sandy**

Plaintiff apparently seeks to assert a claim based on the medical care he receives at Big Sandy, the facility in which he is currently incarcerated in Kentucky. (Complaint at 4.) To the extent Plaintiff has a factual basis for such a claim, Plaintiff must prosecute the claim in the United States District Court for the District of Kentucky, which court has personal jurisdiction over Plaintiff's custodian and medical care providers, and which district has venue pursuant to 28 U.S.C. § 1391(b). Because this district lacks personal jurisdiction over the necessary defendants and because this district is an improper venue for the claim, the issue is whether, "in the interest of justice," 28 U.S.C. §§ 1406(a), 1631, the Court should transfer Plaintiff's action to Kentucky or dismiss it without prejudice to Plaintiff's right to re-file his complaint in the appropriate district. Because Plaintiff's claims against Big Sandy would involve different facts than those relevant to his claims against the Maine defendants, and because Plaintiff has not joined the proper defendants

for a claim based on any of the conditions at Big Sandy, the interests of justice do not support transfer of this action to Kentucky.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 29 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's Complaint without service on Defendants.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 3rd day of May, 2016.